# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP DANNY CRAIGIE, CDCR #v-00757,<br><br>Plaintiff,<br><br>vs.<br><br>GOMEZ; HIA; McGEE; GARZA; JUAREZ; ROBERTS; SPENCE,<br><br>Defendants. | Civil No.   10cv1935 MMA (WMc)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*, ASSESSING NO INITIAL PARTIAL FILING FEE AND GARNISHING $350 BALANCE FROM PRISONER'S TRUST ACCOUNT [Doc. No. 2]; AND**<br><br>**(2) SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) & § 1915A(b).**<br><br>**[Doc. No. 2]** |

Plaintiff, an inmate currently incarcerated at the Richard J. Donovan Correctional Facility ("Donovan") located in San Diego, California and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. In addition, Plaintiff has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

///

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).

The Court finds that Plaintiff has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement shows that he has insufficient funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4). Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II. Initial Screening per 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)

### A. Standard of Review

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. § 1915(e)(2)(B) and § 1915A.

As currently pleaded, it is clear that Plaintiff's Complaint fails to state a cognizable claim under 42 U.S.C. § 1983. Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983.

In his Complaint, Plaintiff alleges that he was placed in a cell at Donovan that was "medically contaminated" and Defendants refused to provide him with toilet paper. (*See* Compl. at 4-7.) The Eighth Amendment, which prohibits "cruel and unusual punishments," imposes a duty on prison officials to provide humane conditions of confinement and to take reasonable measures to guarantee the safety of the inmates. *Helling v. McKinney*, 509 U.S. 25, 31-33 (1993). However, every injury suffered by an inmate does not necessarily translate into constitutional liability for prison officials. *Osolinski v. Kane*, 92 F.3d 934, 936-37 (9th Cir. 1996); *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981) (noting that the U.S. Constitution "does not mandate comfortable prisons.").

Thus, to assert an Eighth Amendment claim for deprivation of humane conditions of confinement, however, a prisoner must satisfy two requirements: one objective and one subjective. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994). Under the objective requirement, the plaintiff must allege facts sufficient to show that "a prison official's acts or omissions ... result[ed] in the denial of the 'minimal civilized measure of life's necessities.'" *Farmer*, 511 U.S. at 834 (quoting *Rhodes*, 452 U.S. at 347). This objective component is satisfied so long as the institution "furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety." *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982); *Farmer*, 511 U.S. at 534*; Wright v. Rushen*, 642 F.2d 1129, 1132-33 (9th Cir. 1981). The subjective requirement, relating to the defendant's state of mind, requires that the plaintiff allege facts sufficient to show "deliberate indifference." *Allen*, 48 F.3d at 1087.

In addition, when considering the conditions of confinement, the court should also consider the amount of time to which the prisoner was subjected to the condition. *See Hutto v.*

*Finney*, 437 U.S. 678, 686-87 (1978); *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005); *Hoptowit*, 682 F.2d at 1258. Here, Plaintiff claims to have been exposed to unsanitary conditions in his cell and denied toilet paper for two days. (*See* Compl. at 1, 4.) Moreover, Plaintiff does admit that Defendants offered to provide him with cleaning supplies. (*Id*. at 5.) While the conditions may be less than comfortable, Plaintiff does not sufficiently allege that he was deprived the "minimal civilized measure of life's necessities" in violation of his Eighth Amendment rights. *Wilson*, 501 U.S. at 298. Moreover, Plaintiff does not allege that he suffered any injury as a result of the conditions alleged in his Complaint. Thus, Plaintiff's conditions of confinement claims are dismissed for failing to state a claim upon which relief could be granted.

## III.   Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED** that:

(1)   Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) is **GRANTED**.

(2)   The Secretary of California Department of Corrections and Rehabilitation, or his designee, is ordered to collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the account and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

(3)   The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

(4)   Plaintiff's Complaint is **DISMISSED** without prejudice both for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii), (iii) and § 1915A(b)(1) & (2). However, Plaintiff is **GRANTED** thirty (30) days leave from the date this Order is stamped "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself

without reference to his original pleading. *See* S. D. CAL. CIVLR. 15.1. Any Defendant not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

(5) The Clerk of Court is directed to mail a court approved form § 1983 complaint to Plaintiff.

**IT IS SO ORDERED.**

DATED: December 29, 2010

Hon. Michael M. Anello
United States District Judge