# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP DANNY CRAIGIE,<br>CDCR #v-00757,<br><br>Plaintiff,<br><br>vs.<br><br>GOMEZ; HIA; McGEE;<br>GARZA; JUAREZ; ROBERTS;<br>SPENCE,<br><br>Defendants. | Civil No.    10cv1935 MMA (WMc)<br><br>**ORDER  SUA SPONTE DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) & § 1915A(b)** |

**I.      Procedural History**

On September 15, 2010, Plaintiff, an inmate currently incarcerated at the Richard J. Donovan Correctional Facility ("Donovan") located in San Diego, California and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  In addition, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).  On December 29, 2010, the Court granted Plaintiff's Motion to Proceed IFP and sua sponte dismissed his Complaint for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) & 1915A(b).  *See* Dec. 29, 2010 Order at 4-5.

Plaintiff was granted leave to file an Amended Complaint in order to correct the deficiencies of pleading identified by the Court. *Id.* On January 21, 2011, Plaintiff filed his First Amended Complaint ("FAC").

## II.   Sua Sponte Screening per 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)

### A.   Standard of Review

As the Court stated in its previous Order, the Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. § 1915(e)(2)(B) and § 1915A.

As currently pleaded, it is clear, once again, that Plaintiff's First Amended Complaint fails to state a cognizable claim under 42 U.S.C. § 1983. Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983.

As he did in his original Complaint, Plaintiff alleges that he was provided a cell that was "contaminated" and Defendants refused to provide him with toilet paper for one day. (*See* FAC at 5-9.) Plaintiff claims violations of his due process rights under the Fourteenth Amendment and violations of the Eighth Amendment based on the same set of facts. The Supreme Court has indicated that when a broad due process violation is alleged, but a more specific amendment "provides an explicit textual source of constitutional protection" against a particular sort of government behavior, "that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)); *Patel v. Penman*, 103 F.3d 868,

874 (9th Cir. 1996). Accordingly, the Court will analyze Plaintiff's condition of confinement claims under the Eighth Amendment standard set forth below. The Eighth Amendment, which prohibits "cruel and unusual punishments," imposes a duty on prison officials to provide humane conditions of confinement and to take reasonable measures to guarantee the safety of the inmates. *Helling v. McKinney*, 509 U.S. 25, 31-33 (1993). However, every injury suffered by an inmate does not necessarily translate into constitutional liability for prison officials. *Osolinski v. Kane*, 92 F.3d 934, 936-37 (9th Cir. 1996); *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981) (noting that the U.S. Constitution "does not mandate comfortable prisons.").

Thus, to assert an Eighth Amendment claim for deprivation of humane conditions of confinement, however, a prisoner must satisfy two requirements: one objective and one subjective. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994). Under the objective requirement, the plaintiff must allege facts sufficient to show that "a prison official's acts or omissions ... result[ed] in the denial of the 'minimal civilized measure of life's necessities.'" *Farmer*, 511 U.S. at 834 (quoting *Rhodes*, 452 U.S. at 347). This objective component is satisfied so long as the institution "furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety." *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982); *Farmer*, 511 U.S. at 534*; Wright v. Rushen*, 642 F.2d 1129, 1132-33 (9th Cir. 1981). The subjective requirement, relating to the defendant's state of mind, requires that the plaintiff allege facts sufficient to show "deliberate indifference." *Allen*, 48 F.3d at 1087.

In addition, when considering the conditions of confinement, the court should also consider the amount of time to which the prisoner was subjected to the condition. *See Hutto v. Finney*, 437 U.S. 678, 686-87 (1978); *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005); *Hoptowit*, 682 F.2d at 1258. Here, Plaintiff claims to have been exposed to unsanitary conditions in his cell and denied toilet paper for one day. (*See* FAC at 5-9.) While the conditions may be less than comfortable, Plaintiff does not sufficiently allege that he was deprived the "minimal civilized measure of life's necessities" in violation of his Eighth Amendment rights. *Wilson*, 501 U.S. at 298. Moreover, Plaintiff does not allege that he suffered

any injury as a result of the conditions alleged in his First Amended Complaint.  While Plaintiff alleges injuries in the form of "grave and cross mental anguish," he has failed to allege any physical injury.  *See* 42 U.S.C. § 1997e(e).  Thus, Plaintiff's conditions of confinement claims are dismissed for failing to state a claim upon which relief could be granted.

**III.    Conclusion and Order**

Good cause appearing, **IT IS HEREBY ORDERED** that:

1)    Plaintiff's Amended Complaint [ECF No. 6] is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(b).  Because the Court finds amendment of Plaintiff's § 1983 claims would be futile at this time, leave to amend is **DENIED**.  *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *see also Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

2)    **IT IS FURTHER CERTIFIED** that an IFP appeal from this Order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).  *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk shall close the file.

DATED:  April 13, 2011

*Michael M. Anello*

Hon. Michael M. Anello
United States District Judge